Eastern District of Kentucky
F I L E D
JUN 21 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

BEN AFSHARI,

    Plaintiff,

v.

MONTANA BLACK GOLD,
BLACK GOLD ARCHERY LLC,
BOWTECH INC., and
NORWEST EQUITY PARTNERS,

    Defendants.

NO. 5:17-CV-414-KKC

OPINION AND ORDER

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants Montana Black Gold, Black Gold Archery LLC, Bowtech Inc., and Norwest Equity Partners motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. (DE 11.) For the reasons set forth below, this matter is dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over the Defendants.

**I. Background**

Plaintiff Ben Afshari, a resident of Fayette County, Kentucky, is an inventor of archery products, some of which he has patented. (Compl. ¶¶ 14, 18, DE 1.) During the course of his career, he was the victim of patent infringement that left his patent portfolio worthless. This ultimately led Afshari to file for Chapter 7 bankruptcy. *See* Chapter 7 Voluntary Petition, *In re Afshari*, No. 14-51879 (Bankr. E.D. Ky. Aug. 14, 2014). During the course of his bankruptcy proceedings, Afshari informed the creditors that Montana Black Gold was one of the largest infringers on his patents, but the United States Trustee did not pursue the company for the alleged infringement. During these proceedings, Afshari was also engaged in a lawsuit

1

against Bear Archery Inc. for infringement, which he settled after the close of his bankruptcy case. (Compl. ¶ 18.)

Following his bankruptcy, Afshari sought to revive some of his expired patents and pursue infringers. In January 2016, Afshari, proceeding *pro se*, filed a complaint against Montana Black Gold, Inc. and Sight Inc. alleging that these companies were infringing on his '321 Patent. (Compl. ¶ 18); *see also* Compl., *Afshari v. Mont. Black Gold, Inc.*, No. 16-CV-00031-JMH (E.D. Ky. Jan. 28, 2016). In response to that lawsuit, Mike Ellig, who is not named as a defendant, sent Afshari a letter that is central to this current suit.

In the letter, Ellig asserted that Afshari's '321 Patent was invalid for lack of novelty. The letter also alleged that Afshari committed fraud during his bankruptcy proceedings by stating that the '321 Patent did not have any value, despite the fact that Afshari was, at the time, suing Bear Archery for infringement of the '321 Patent, and planned to bring a similar suit against Montana Black Gold. Finally, the letter stated that, if Afshari continued with his claim of infringement, "we" would file an *inter partes* review to invalidate the '321 Patent. Ellig signed the letter as "Founder, Black Gold". (Compl. Ex. F, DE 1-1, at 35–37.)

In June 2016, the United States Trustee moved to reopen Afshari's bankruptcy case to administer a newly-discovered asset. (Compl. ¶ 22); *see* Motion to Reopen, *In re Afshari*, No. 14-51879 (Bankr. E.D. Ky. June 6, 2016). As a result of these proceedings, the licensees of Afshari's patents received a letter that the Trustee intended to sell his patents to Black Gold Archery LLC, which Afshari claims led to rumors that damaged his reputation in the archery community. (Compl. ¶ 25.) The United States Trustee sought to sell the patent, but the bankruptcy court denied the motion because the Trustee could not revoke the technical abandonment of the patent which occurred when the case was closed. Order Denying Motion to Sell, *In re Afshari*, No. 14-51879 (Bankr. E.D. Ky. July 18, 2017).

2

After his bankruptcy case was reopened, Afshari initiated another action in this Court, alleging that the letter sent by Ellig constituted blackmail, defamation, intentional infliction of emotional distress, and wrongful interference with economic advantage. *Afshari v. Ellig*, No. 5:16-193-KKC, 2017 WL 4080690, at \*2 (E.D. Ky. Sept. 14, 2017). Afshari's original complaint in that action named only Ellig as a defendant. He later added three corporate defendants: Montana Black Gold Inc., Sight Inc., and Black Gold Archery LLC. *Id.* That action was dismissed for lack of personal jurisdiction. *Id.* at \*4.

This action raises similar claims as the previous action, although it names different defendants. Afshari names Montana Black Gold, Black Gold Archery LLC, Bowtech Inc., and Norwest Equity Partners ("NEP") as Defendants. The Defendants share a corporate relationship. Montana Black Gold is an assumed name, registered in Oregon and Montana, of Black Gold Archery.[1] BowTech, where Ellig is currently a team member, owns Black Gold Archery. NEP, through a holding company, owns a minority stake in Bowtech. (Compl. ¶¶ 4-5.)

Afshari asserts a number of federal and state law claims. He alleges that the Defendants violated, and conspired to violate, the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq.*, the Hobbs Act, 18 U.S.C. § 1951, the Civil Rights Act, 42 U.S.C. § 1983, and that they committed extortion and made threats in violation of 42 U.S.C. §§ 873, 875–76. Under state law, he alleges tortious interference, abuse of the legal process, and intentional infliction of mental and psychological stress. (Compl. ¶ 33.) He seeks $15,300,000 for damage to his business and well-being as a result of his inability to participate in the archery industry.

---

[1] Montana Black Gold *Inc.*, which was a party in Afshari's previous action but is not named in this case, was founded by Ellig and its assets were sold to Black Gold Archery. *Ellig*, 2017 WL 4080690 at \* 3. Montana Black Gold Inc., has since changed its name to Sight Inc.

3

The Defendants have moved to dismiss this matter for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. (DE 11.) A response and reply have been filed by the parties and this matter is now ripe for review.

**II. Analysis**

Defendants' have moved to dismiss this matter for lack of personal jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(2). The plaintiff bears the burden of establishing the court's personal jurisdiction over each defendant. *Serras v. First Term. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). When the Court rules on the issue of personal jurisdiction without conducting an evidentiary hearing, the plaintiff may not rest on his pleadings, but must set forth, "by affidavit or otherwise [,] . . . specific facts showing that the court has jurisdiction." *Id.* (alterations in original) (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). This burden is "relatively slight and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F. 3d 544, 549 (6th Cir. 2007) (internal citations omitted) (first quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); then quoting *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991)). The Court must consider the pleadings and affidavits "in a light most favorable to the plaintiff" and "should not weigh 'the controverting assertions of the party seeking dismissal.'" *Id.* (citing *Theunissen*, 935 F.2d at 1459).

When a case involves a federal question, "personal jurisdiction over a defendant exists 'if the defendant is amenable to the service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (alterations in original) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). This

4

analysis is the same as if the Court were sitting in diversity. *See* Fed. R. Civ. P. 4(k)(1)(A); *see also* 4 Charles Alan Wright et al., *Federal Practice and Procedure* § 1068.1 (4th ed. 2018) ("[W]ith one exception the Rule 4(k) framework does not treat federal question cases differently than cases where a federal court adjudicates state-created rights based on diversity of citizenship jurisdiction."). Exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Unlike some states, Kentucky's long arm statute is not coterminous with the Constitution's Due Process Clause. *See* Ky. Rev. Stat. § 454.210; *see also Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011) ("Claims based upon contacts, conduct, and activities which may not fairly be said to meet one of [the long arm's] explicit categories must be held to be outside the reach of the statute, regardless of whether federal due process might otherwise allow the assertion of in personam jurisdiction."). Thus, the court must first "determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories. If not, then in personam jurisdiction may not be exercised." *Id.*

Kentucky's long-arm statute permits exercise of personal jurisdiction as to claims arising from nine enumerated categories of conduct. Ky. Rev. Stat. § 454.210(2)(a). Afshari does not allege that the Defendants took actions within Kentucky. Instead, he alleges that their actions outside the Commonwealth caused his injury. Accordingly, to establish personal jurisdiction over any of the Defendants, Afshari must show that they:

> regularly do[] or solicit[] business, or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this

5

Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth.

Ky. Rev. Stat. § 454.210(2)(a)(4).

Afshari has not established that the alleged injury he suffered as a result of the Ellig letter arose "out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth" by the Defendants. Ky. Rev. Stat. § 454.210(2)(a)(4). Afshari has provided an affidavit stating that he "searched the internet and discovered that Bowtech, Inc. and Black Gold Archery LLC have several active dealers in [the] state of Kentucky." (Afshari Aff., DE 12-1.) As an attachment to that affidavit, he submitted screenshots of Bowtech and Black Gold Archery's website which lists these dealers. (DE 12-2.) Afshari, however, has not connected these in state dealers with the Ellig letter or his alleged injuries. The mere presence of dealers in the state selling Bowtech and Black Gold Archery products is insufficient under the Kentucky long-arm statute. Afshari also provided a text message in which a licensee cancelled an order and license agreement after receiving a letter of asset sales from the bankruptcy trustee. (DE 12-1; DE 12-4.) Again, however, Afshari has not shown how this injury was connected to the business contacts of the Defendants in Kentucky. This analysis applies equally to Montana Black Gold, which is merely an assumed name used by Black Gold Archery.[2] NEP's contacts with the state are even more attenuated—it owns a minority stake, through a holding company, in Bowtech and Afshari has not alleged any contacts between NEP and Kentucky. Thus, Afshari has failed to make a prima facie personal jurisdiction exists over the Defendants.

---

[2] Afshari's claim, in his response brief, that that Black Gold Archery "has purchase[d] assets from Montana Black [G]old Inc." in the state is irrelevant to the analysis because Montana Black Gold Inc. is not a defendant in this action. (Response ¶ 1, DE 12.)

6

To the extent that Afshari contends that there is personal jurisdiction over the Defendants because the Ellig letter was sent into Kentucky by the Defendants, causing his injuries, that claim also fails. Ellig, who the Court previously found it lacks personal jurisdiction over for similar claims, is not a defendant in this action. *Ellig*, 2017 WL 4080690, at *3 ("Afshari has not submitted any evidence refuting Ellig's assertions regarding his lack of activity in Kentucky."). Instead, in his Complaint, Afshari attempts to connect the Defendants to the letter by alleging that Ellig is a team member of Bowtech and Black Gold Archery, signed the letter as "Founder, Black Gold," and used the plural "we" in the letter, implying it was sent on behalf of the Defendants.[3] (Compl. ¶¶ 19, 21.) These arguments are unconvincing. Ellig sent the letter in response to Afshari's lawsuit against Montana Black Gold, Inc. and Sight Inc. (Compl. ¶ 18); *see also Afshari*, No. 16-CV-00031-JMH. While Ellig is a team member of Bowtech, he did not make any representation that he was acting on behalf of Bowtech or Black Gold Archery in the letter. Neither company is mentioned by name in the letter. Thus, It is only reasonable to conclude that that Ellig sent the letter on behalf of Montana Black Gold, Inc. and Sight Inc., neither of whom is a defendant in this case.

Accordingly, Afshari has failed to carry his to show that this Court has personal jurisdiction over the Defendants under Kentucky's long-arm statute. While the Court has found that it cannot exercise personal jurisdiction, this ruling does not address the merits of any of Afshari's claims.

**III. Conclusion**

For the reasons set forth above, the Court **HEREBY ORDERS**:

1) Defendants' motion to dismiss (DE 11) is **GRANTED**;

---

[3] Afshari does not allege that the letter was sent from within Kentucky. In the previous action, Ellig submitted evidence that he sent the letter by email to Afshari from Montana. *Ellig*, 2017 WL 4080690, at *3.

7

2) Plaintiff's claims are **DISMISSED**.

3) judgment consistent with this Order will be entered.

Dated June 21, 2018.

KKC



Signed By:
Karen K. Caldwell
United States District Judge