UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| BEN AFSHARI, | NO. 5:17-CV-414-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| MONTANA BLACK GOLD,<br>BLACK GOLD ARCHERY LLC,<br>BOWTECH INC., and<br>NORWEST EQUITY PARTNERS, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motions to dismiss (DE 22, 23) filed by the four defendants in this matter. The motions argue that the complaint fails to state a claim. For the reasons set forth below, the motions will be granted, and this action filed by plaintiff Ben Afshari will be dismissed.

**I. Background**

The Sixth Circuit Court of Appeals has set forth the facts of this matter as follows;

> Afshari holds the patent on several of his inventions of archery products. Because various companies in the archery field infringed on one or more of his patents, however, he was forced to file for bankruptcy in 2014. See In re Afshari, No. 14-51879 (Bankr. E.D. Ky. Aug. 14, 2014). Although he represented to the bankruptcy court that his patent portfolio had no value because "it was copied so much with so many people," he sued Bear Archery, Inc., in 2015 for patent infringement. He ultimately received a settlement from the company.
>
> Following the final bankruptcy decree, Afshari sought to pursue others that had allegedly infringed upon his patents. In January 2016, he filed suit against Montana Black Gold, Inc., and Sight, Inc. In May 2016, Mike Ellig—a former owner of Montana Black Gold, Inc., and the then owner of Sight, Inc.—

1

sent Afshari an email, stating that Afshari's patent was invalid because it lacked novelty. Ellig also stated that, because Afshari was suing for patent infringement, it was "clear" that he did not believe that his patents lacked value and that Ellig believed that Afshari was making misrepresentations to the bankruptcy court or even possibly committing fraud. *See Afshari v. Ellig*, No. 5:16-193-KKC, 2017 WL 4080690, at *1 (E.D. Ky. Sept. 14, 2017). Ellig warned Afshari that, if he continued with the infringement action, Ellig would notify the bankruptcy trustee and would seek to have Afshari's patent declared invalid. *Id*. at *1-2.

In June 2016, the bankruptcy trustee moved to reopen Afshari's bankruptcy case to administer a newly discovered asset and to sell Afshari's patents to Black Gold Archery, but the bankruptcy court denied the motion. Although the record is unclear as to the reason for reopening, Afshari asserted that it was due to the actions of Ellig.

Afshari subsequently moved to dismiss his civil claims without prejudice, and the district court granted the motion. *Afshari v. Montana Black Gold, Inc., et al.*, No. 5:16-cv-00031 (E.D. Ky. June 15, 2016). The same day that Afshari filed his motion to dismiss, he filed a new suit against Ellig only, alleging that Ellig's email constituted blackmail, defamation, tortious interference, and intentional infliction of emotional distress. Afshari later amended his complaint to add as defendants Montana Black Gold, Inc.; Sight, Inc.; and Black Gold Archery, LLC. In September 2017, the United States District Court for the Eastern District of Kentucky dismissed Afshari's civil case without prejudice for lack of personal jurisdiction over the defendants. *See Afshari*, 2017 WL 4080690, at *4.

Afshari filed this action in October 2017, naming Montana Black Gold (an entity separate from Montana Black Gold, Inc.); Black Gold Archery, LLC; Bowtech, Inc.; and Norwest Equity Partners ("NEP"). According to the district court, "[t]he Defendants share a corporate relationship. Montana Black Gold is an assumed name, registered in Oregon and Montana, of Black Gold Archery. BowTech, where Ellig is currently a team member, owns Black Gold Archery. NEP, through a holding company, owns a minority stake in Bowtech." Afshari's complaint alleged: conspiracy to violate and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961; the Hobbs Act, 18 U.S.C. § 1951; and the Civil Rights Act, 42 U.S.C. § 1983. Afshari also alleged that Ellig committed extortion and violated 18 U.S.C. §§ 873, 875, and 876 by making threats to Afshari in the email that Ellig sent during the prior lawsuit, and that Ellig did so as a "team

> member" of Bowtech, Inc., and Black Gold Archery. Finally, he claimed that the defendants were liable under Kentucky law for tortious interference, abuse of the legal process, and intentional infliction of psychological harm. The crux of Afshari's claims is that Ellig and defendants conspired to convince the bankruptcy trustee to reopen the bankruptcy proceeding based on false allegations of fraud so that they could purchase the patents that Afshari alleges were being infringed by defendants, thus causing reputational and financial harm to Afshari. Afshari requested more than $15 million in damages.

*Afshari v. Montana Black Gold*, No. 18-5740, 2019 WL 3302409, at *1–2 (6th Cir. May 21, 2019)

This Court previously dismissed this action, finding that it could not exercise personal jurisdiction over the defendants. (DE 16, Opinion.) The Sixth Circuit reversed that decision, finding that Afshari's allegations, "construed liberally . . . demonstrate a prima facie showing of tortious injury 'by an act or omission in this Commonwealth,'" which could subject the defendants to the personal jurisdiction of this Court under Kentucky's long-arm statute. KRS § 454.210(2)(a)(3). *Afshari,* 2019 WL 3302409, at *3. The Sixth Circuit further determined that, it did not appear "at this point in the litigation" that subjecting the defendants to this Court's personal jurisdiction would "offend their federal due process rights." *Id*. Accordingly, the Sixth Circuit remanded the action to this Court for "further factual development." *Id*.

On remand, all of the defendants have again moved to dismiss the claims against them, this time pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**II. Analysis**

Afshari has not filed any written response to the motions to dismiss. Under this Court's Local Rules, "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion." Local Rule 7.1(c). Further, "[f]ailure to timely respond to a motion may be grounds for granting the motion." *Id*. Likewise, under

case law, "where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

After Afshari's deadline for filing a response to the motions passed, the Court conducted a teleconference at which it asked Afshari if he needed additional time to respond to the motions. He stated that he did not. The Court then asked if he would like to make an oral response to the motions. Afshari responded, "I guess I believe the plaintiff's motion and plaintiff's pleadings or anything they have brought up so far, so we need to continue for discovery." (DE 27, Tr. at 2.) Afshari conceded he was served with copies of the motions to dismiss but stated, "I don't believe that they found any legal remedy to dismiss at this point." (DE 27, Tr. at 3.)

When the Court advised Afshari that the defendants had asserted multiple grounds for dismissal and asked again if he wished to address any of those particular grounds, he stated, "there's not any grounds. And I could actually file my answer in writing. But based on all the evidence, I don't believe that their motion to dismiss is valid." (DE Tr. at 3.) The Court once again inquired of Afshari if he would like to add anything in response to the motions. He stated:

> At this time the ground they are using is irrelevant to the facts that we have on hand. . . I am greatly disagreeing with their facts that they have brought up that are irrelevant to this case. None of the facts that they have brought up, the cases that they have used are really relevant to this case. . . This case is clearcut. There is extortion. And they have really greatly gone to a lot of work to get me out of business, they have done that. They have done a great job to get my livelihood from me. At this time, I'm disagreeing with all of them, the information they have used or developed. And you can go look at those yourself and check the irrelevancy of those, respectfully. There has not been a case similar to mine and what they're using is irrelevant. So this needs to be on the record at this time.

(DE 27, Tr. at 4.)

4

The Court asked Afshari if he had anything more to say. He stated:

> My claim actually has two parts in it. One is extortion for the monies owed to me for patent infringement, okay? And then the other part is for the monies that the defendant owes me for the harm they have caused to me from now all the way until God knows when. I would like to let you know, Your Honor, as it stands, one of the reasons that I think they don't have any grounds is the harm they have caused me, the costs have been so severe financially that I have had a medical procedure that I had to put behind because I have not had any funds to follow through with it. Okay? And I'm under great pressure and great pain. And that's number one. Number two, I'm not getting any work from the industry I was known for, and so on and so forth. So when you are going to look at the pleading that they have filed, and there are two, and there are two – there are two points in here. One is extortion for the money they owe me, which I believe is almost $2 million, okay? And the other one is for the damages that they have caused me for the rest of my life.

(DE 27, Tr. at 6-7.)

In their motions, the defendants assert that defendant Montana Black Gold is not a legal entity capable of being sued but is instead an assumed name registered to defendant Black Gold Archery, LLC. Afshari's oral response to the motions did not address this argument. Further, Afshari explicitly states in his complaint that Montana Black Gold is a brand name and assumed name of Black Gold Archery, LLC. (DE 1, Complaint, ¶ I(3)). Accordingly, all claims against Montana Black Gold must be dismissed, and it must be dismissed as a defendant.

Likewise, Norwest Equity Partners is an assumed name of Norwest Venture Capital Management, Inc. (DE 10, Rule 7.1 Disclosures.) The defendants argue that, like Montana Black Gold, Norwest Equity Partners is not a legal entity capable of being sued. Afshari's oral response to the motions to dimiss did not address this argument. Because he does not dispute that Norwest Equity Partners is only an assumed name, the claims against Norwest Equity Partners must be dismissed and it must be dismissed as a defendant.

5

The remaining defendants are Black Gold Archery, LLC and Bowtech, Inc. The defendants argue that Afshari has failed to sufficiently allege a RICO claim against these defendants because the complaint does not allege a RICO "enterprise." The RICO statute makes it unlawful for "any person . . . associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A RICO "enterprise" includes any "individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id*. § 1961(4). "The enterprise itself is not liable for RICO violations; rather, the 'persons' who conduct the affairs of the enterprise through a pattern of racketeering activity are liable." *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 490 (6th Cir. 2013).

Thus, "[t]o establish liability under § 1962(c), a plaintiff must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *In re ClassicStar Mare Lease Litig.*, 727 F.3d at 490 (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001)). "This principle is known as the 'non-identity' or 'distinctness' requirement." *Id*.

"Typically, a parent corporation and its subsidiaries do not satisfy the distinctness requirement because they cannot form an enterprise distinct from the parent." *Id*. at 493. Black Gold Archery is wholly owned by defendant Bowtech. (DE 10, Rule 7.1 Disclosures.) Accordingly, the defendants argue that Afshari has not alleged the existence of a separate RICO "enterprise."

The defendants also argue that, even if the complaint were to be construed to allege a RICO enterprise, the complaint does not sufficiently allege that any defendant participated in the operation or management of the enterprise. The defendants point out that the complaint alleges substantive acts by only Ellig, who is not a defendant in this action.

6

Similarly, the defendants argue that the RICO claim must be dismissed because the complaint does not allege that any of them engaged in "a pattern of racketeering activity." 18 U.S.C. § 1962(c), or that Afshari suffered damages to business or property proximately caused by a RICO violation.

Afshari's oral response to the motions to dismiss did not address any of these arguments. The Court agrees with the defendants on all of these points. Accordingly, the RICO claim must be dismissed.

In his complaint, Afshari asserts that the defendants conspired to violate various federal criminal statutes (18 U.S.C. §§ 873, 875, 876, 1951). The defendants cite case law holding that there is no private right of action under any of these statutes. Afshari's oral response to the motions to dismiss did not address this argument. The defendants are correct. Accordingly, any claim by Afshari under these criminal statutes must be dismissed.

Afshari also asserts a claim under 42 U.S.C. § 1983, which "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). The statute, "by its terms, requires that any alleged constitutional violation be taken under color of state law, either by government actors or private individuals acting as agents of the state." *Garcia v. Dykstra*, 260 F. App'x 887, 895 (6th Cir.2008). Afshari does not allege that any defendant is a government actor or acting as an agent of the state. Afshari's oral response to the motions to dismiss did not address this issue. Thus, the §1983 claim must be dismissed.

The defendants also construe the complaint to attempt to assert state law claims for fraud, intentional infliction of emotional distress (IIED), interference with an existing contractual relation or prospective business advantage, and abuse of process.

7

As to the fraud claim, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The purpose of the heightened pleading requirement for fraud claims is "to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988). The defendants argue that the complaint does not meet this standard because it does not set forth what fraudulent statements any defendant allegedly took or explain why any statement is fraudulent. Afshari's oral response to the motions to dismiss did not address this argument. The complaint does not meet the pleading requirements of Rule 9(b) and, accordingly, the fraud claim must be dismissed.

As to the IIED claim, the defendants correctly argue that the complaint does not allege the kind of "outrageous" or "extreme" conduct required for such a claim. *See Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990). Afshari's oral response to the motions to dismiss did not address this argument. This claim must be dismissed.

As to the claim for interfering with existing contractual relations, defendants correctly argue that Afshari has not pleaded the existence of a contract, any defendant's knowledge of such a contract, that any defendant maliciously caused the breach of such a contract, or injury. These elements are all required for such a claim. *See NCAA v. Hornung*, 754 S.W.2d 855, 857 (Ky. 1988); *Monin v. Wal-Mart Real Estate Business Trust*, 2008 WL 352346, at *1 (Feb. 8, 2008). As to the claim for interfering with prospective business advantage, defendants correctly point out that the complaint does not allege a valid business relationship or its expectancy, that any defendant knew of any such relationship or intentionally interfered with it, or that Afshari suffered loss as a result of any action by any defendant. *See Ventas, Inc. v. Health Care Property Investors, Inc.*, 635 F. Supp. 2d 612, 621

(W.D. Ky. 2009) (citation omitted.) Afshari's oral response to the motions to dismiss did not address these arguments. Both of these claims must be dismissed.

As to Afshari's claim for abuse of process, such a claim arises "when an individual uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed." *Burden v. Paul*, 493 F. App'x 660, 666 (6th Cir. 2012) (quotations and citation omitted). Defendants correctly argue that Afshari fails to allege any such facts against any defendant. Afshari's oral response to the motions to dismiss did not address this argument. This claim must be dismissed.

The Court cannot interpret the complaint to assert any other claims. To the extent that Afshari does attempt to assert any additional claims, any such claims must be dismissed because the factual allegations in the complaint are not "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007). Afshari has not pled enough facts to state any claim that "is plausible on its face." *Id*. at 570.

For all these reasons, the Court hereby ORDERS as follows:

1) the defendants' motions to dismiss (DE 22, 23) are GRANTED; and

2) Afshari's complaint is DISMISSED.

Dated this 23rd day of March, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY